UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRENCE CHRISTOPHER HERNDON,<br><br>                 Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>                 Defendant. | CASE NO. 3:22-cv-05141-RAJ-JRC<br><br>AMENDED ORDER FOR AMENDED COMPLAINT |

     Plaintiff filed a complaint under 42 U.S.C. § 1983. Dkt. 1-1. As discussed below, the Court declines to serve it and orders plaintiff to file an amended complaint.

     Plaintiff alleges that, in Pierce County Superior Court, he was acquitted of criminal charges after a trial in which false testimony or evidence was used against him. Based on this allegation, plaintiff asserts violations of due process and equal protection. Plaintiff further alleges violations of his right to a speedy trial and the Excessive Bail Clause. Plaintiff asserts all these claims against the State of Washington. But the State of Washington is an improper defendant in a § 1983 action and immune from damages. So these claims are not viable against it.

Furthermore, while plaintiff asserts his speedy trial claim against the Pierce County Superior Court, judicial immunity bars this claim. Additionally, it is unclear whether plaintiff wishes to assert his due process and equal protection claims against unnamed detectives whom he suggests participated in the presentation of false/testimony. Moreover, plaintiff's due process and equal protection claims lack adequate factual support. Accordingly, plaintiff must file an amended complaint to cure, if possible, these deficiencies.

## COMPLAINT'S ALLEGATIONS

Plaintiff alleges that, on October 9, 2019, he was acquitted of all charges after a trial in Pierce County Superior Court. *See* Dkt. 1-1 at 4–5. Plaintiff appears to allege that unnamed "Pierce County detectives" provided false testimony or evidence that he assaulted the alleged victim. *See id.* at 5. Based on these allegations, plaintiff alleges violations of due process and equal protection. *Id.* at 4–5.

Plaintiff also alleges that "Pierce County Superior Court" and "State of Washington" violated his Sixth Amendment right to a speedy trial because he did not sign "waivers" or "continuances." *Id.* at 6. Additionally, plaintiff alleges that his bail of $500,000 was excessive in violation of the Eighth Amendment. *Id.* at 7–8.

Plaintiff names the "State of Washington" as the sole defendant. As noted, however, plaintiff asserts his Sixth Amendment claim against the Pierce County Superior Court. Plaintiff seeks compensatory and punitive damages. *See id.* at 5, 7–9.

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *O'Neal v. Price*, 531 F.3d 1146, 1152

(9th Cir. 2008). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Likewise, because plaintiff seeks to proceed *in forma pauperis* ("IFP"), Dkt. 1, this Court must screen his amended complaint under 28 U.S.C. § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Under § 1915(e)(2)(B), a district court must dismiss a prisoner's IFP case at any time if it determines that the case is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *O'Neal*, 531 F.3d at 1153 (citation and internal quotation marks omitted).

The standard for determining whether a plaintiff has failed to state a claim under § 1915A(b)(1) and § 1915(e)(2)(B)(ii) is the same as Federal Rule of Civil Procedure 12(b)(6)'s standard for failure to state a claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). So, under § 1915A(b)(1) and § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

I. **Improper Defendant**

Plaintiff sues the State of Washington. However, states are not "persons" under § 1983. *See Pittman v. Oregon, Emp. Dep't*, 509 F.3d 1065, 1072 (9th Cir. 2007) (citations omitted).

AMENDED ORDER FOR AMENDED COMPLAINT - 3

Therefore, § 1983 actions do not lie against states. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 (1997) (citation omitted). Furthermore, the Eleventh Amendment immunizes the State of Washington from damages in a § 1983 action. *See Hanson v. Wash. State Patrol*, No. 13-CV-0166-TOR, 2013 WL 4518594, at *2 (E.D. Wash. Aug. 26, 2013) (citation omitted); *Lojas v. Washington*, No. CV-07-0140-JLQ, 2008 WL 1837337, at *7 (E.D. Wash. Apr. 22, 2008). Therefore, the State of Washington is an improper defendant. Any claims against it are not viable.

## II. Judicial Immunity

Plaintiff sues the Pierce County Superior Court for an alleged Sixth Amendment violation and seeks damages. Judicial immunity bars this claim. *See, e.g.*, *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) ("[Courts have] long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." (citations and internal quotation marks omitted)).

## III. Excessive Bail

Plaintiff alleges that his bail violated the Excessive Bail Clause but does not identify whom he asserts this claim against. If he asserts it against Pierce County Superior Court, judicial immunity bars it. *See id.* Also, because the State of Washington is not a proper defendant, this claim is not viable against it.

## IV. Equal Protection

Plaintiff alleges a violation of equal protection based on the admission of false testimony or evidence at this trial. Again, this claim is not viable if he alleges it against the State of Washington.

Plaintiff may wish to assert this claim against the Pierce County detectives that allegedly presented false testimony/evidence. However, if he wished to allege this claim against them, plaintiff should have named these individuals as defendants by full name and, if possible, title.

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation omitted). Furthermore, "[w]here . . . state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish a class of one equal protection claim by demonstrating that it has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004) (citation and internal quotation marks omitted).

Here, plaintiff has not alleged membership in a protected class. Furthermore, his bare allegations do not support a reasonable inference that the unnamed detectives treated him differently from others similarly situated. Therefore, he has not adequately alleged that the detectives violated equal protection.

V.   **Due Process**

Plaintiff alleges a due process violation based on the admission of false testimony/evidence at his trial. To reiterate, this claim is not viable to the extent he alleges it against the State of Washington.

If plaintiff wishes to assert this claim against the abovementioned Pierce County detectives, he should identify them as defendants by full name and, if possible, title and describe

the actions of each detective that allegedly resulted in the presentation of false evidence/testimony. *See Iqbal*, 556 U.S. at 678.

**CONCLUSION**

Accordingly, this Court **ORDERS** as follows:

1. On or before **April 25, 2022**, plaintiff must file an amended complaint that cures, if possible, the deficiencies identified in this order.

2. The amended complaint must be filed on this District's § 1983 form, legibly written or retyped in its entirety, and filled out completely. Furthermore, the amended complaint must contain case number **3:22-cv-05141-RAJ-JRC**. If plaintiff requires additional space to allege his claims, he may submit no more than **five (5)** continuation sheets. Any continuation sheet, whether handwritten or typewritten, must comply with this District's Local Rules governing form of filings, including rules governing text size, margin size, and line spacing. *See* Local Rule 10(d)–(e).

3. The amended complaint will act as a complete substitute for the complaint; this Court will address only the claims alleged in it.

4. The amended complaint must not incorporate by reference any part of the complaint. Likewise, the amended complaint must not incorporate arguments or text from any other documents, including any exhibits. However, plaintiff may, if he wishes, submit any exhibit necessary to support the amended complaint's allegations.

5. Plaintiff must not unjustifiably expand the scope of the case by alleging new unrelated claims or parties in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

6. If plaintiff fails to timely file an amended complaint, or if he otherwise fails to comply with this order, **this Court will recommend dismissal of this case or impose any appropriate sanction**.

The Clerk is directed to **SEND** plaintiff the appropriate forms for filing a § 1983 action and a copy of this order. The Clerk is further directed to **RENOTE** plaintiff's motion to proceed IFP for **April 25, 2022**.

Dated this 25th day of March, 2022.

J. Richard Creatura
Chief United States Magistrate Judge

AMENDED ORDER FOR AMENDED COMPLAINT - 7