UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRENCE CHRISTOPHER HERNDON,

    Plaintiff,

v.

STATE OF WASHINGTON,

    Defendant.

CASE NO. 3:22-cv-05141-RAJ-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

This matter is before the Court on plaintiff's proposed amended complaint in response to the Court's amended order to show cause. *See* Dkts. 4, 5. The Court has screened plaintiff's proposed amended complaint as authorized by 28 U.S.C. §§ 1915(e) and § 1915A and finds that it suffers from deficiencies preventing the Court from directing service of the proposed amended complaint at this time. Plaintiff's proposed amended complaint fails to state a claim upon which relief can be granted because he brings suit against improper defendants, fails to provide viable theories of municipal liability, fails to explain a plausible theory of violation of his right to Equal

Protection, and names a defendant who appears to be immune from suit, among other deficiencies.

The Court will offer plaintiff another opportunity to amend his proposed complaint to correct the deficiencies identified in this Order. If plaintiff chooses to do so, he must file a second amended proposed complaint on the Court's form on or before **June 3, 2022**. Failure to do so or to comply with the Court's Order will result in dismissal of this matter without prejudice.

Plaintiff should be aware that should the Court grant his IFP motion, he would be required to make partial payments toward the $350 filing fee. Because at present, it does not appear that plaintiff has presented this Court with a viable claim for relief, the Court declines to rule on his IFP motion at this time. So, plaintiff has not yet incurred this expense.

Instead, the Clerk shall renote the IFP motion for the Court's consideration on June 3, 2022. Thus, if plaintiff chooses not to proceed with this case, he will not be required to make partial payments toward the $350 filing fee, which is what he would be required to pay if the Court granted plaintiff's request for IFP status at this time.

**BACKGROUND**

Plaintiff initiated this matter in March 2022 by filing a motion to proceed *in forma pauperis*. Dkt. 1. The Court has not yet ruled on plaintiff's motion and has instead informed plaintiff of multiple deficiencies in his initial proposed complaint. *See* Dkt. 4. That complaint named the State of Washington as the defendant and purported to bring claims of violation of due process and equal protection, based on the allegedly wrongful prosecution of a case against plaintiff, for which he was later acquitted. *See generally* Dkt. 1-1. Plaintiff also asserted that his

criminal trial violated his rights to a speedy and fair trial and that his bail was excessive, violating the Eighth Amendment. Dkt. 1-1, at 6–8.

The Court's previous show cause order informed plaintiff that (1) he could not bring § 1983 claims against the State of Washington, (2) Pierce County Superior Court would be immune from any claims against it, and (3) he had not alleged a plausible Equal Protection violation. *See generally* Dkt. 4.

Plaintiff has now filed an amended complaint naming the Puyallup Police Department, Detective Heidi Crawford, the Pierce County Prosecutor's Office, and Prosecutor Dionne Hauger as defendants. Dkt. 5, at 1. For the reasons discussed below, his proposed amended complaint does not contain a viable claim against any of these defendants.

## DISCUSSION

### I. Legal Standard

A pro se complaint must be liberally construed. *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017). To be viable, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotation marks omitted). The court is not bound to accept as true labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally

participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Dep't of Social Servs., of City of N.Y.*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

## II. Puyallup Police Department

Plaintiff appears to sue the Puyallup Police Department for violation of Equal Protection. Dkt. 5, at 4. However, the Department is not an entity subject to suit in a § 1983 matter. *See, e.g., Morton v. Phoenix Police Dep't*, No. CV-15-00405-PHX-BSB, 2015 WL 1737667, at *4 (D. Ariz. Apr. 16, 2015). The appropriate defendant for such a claim is the relevant municipality, such as the City of Puyallup.

Even if plaintiff appropriately named a local governmental unit, however, his claim would still be subject to dismissal. A local government entity may not be held liable under § 1983 unless a "policy or custom" of the entity can be shown to be a moving force behind the alleged constitutional violation. *Monell*, 436 U.S. at 694.

> In order to establish liability for governmental entities under *Monell*, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."

*Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). Generally, a plaintiff may rest his *Monell* claim on one of three bases. "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir.

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 4

2010) (quoting *Monell*, 436 U.S. at 708), *overruled on other grounds by Castro v. Cty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016). Second, under certain circumstances, a local government may be held liable under § 1983 for acts of "omission," including failures to train its employees, "when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

Plaintiff fails to make any plausible allegation of how the alleged actions were taken pursuant to a municipal policy that amounted to deliberate indifference to his constitutional rights. He does not allege any particular local government policy or custom, act of omission that amounts to a policy, or ratification by an appropriate official. He does not provide any factual allegations rendering such a policy, custom, act, or ratification plausible.

Finally, even if plaintiff alleged an appropriate theory of municipal liability, his claim for violation of Equal Protection suffers from the same deficiency that the Court previously noted. That is, plaintiff has not explained how he was treated differently from any others who were similarly situated, which is necessary to prevail on such a claim. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). Nor has he alleged that there was a lack of rational basis for such treatment. As the Court previously explained to plaintiff:

> "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation omitted). Furthermore, "[w]here . . . state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish a class of one equal protection claim by demonstrating that it has been intentionally treated differently from others similarly situated and that there is no rational basis

for the difference in treatment." *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004) (citation and internal quotation marks omitted).

Dkt. 4, at 5.

### III. Pierce County Prosecutor's Office

Plaintiff appears to bring claims against the Pierce County Prosecutor's Office for its role in setting his bail and prosecuting him for a crime for which he was acquitted. Dkt. 5, at 6.

Again, as noted above, plaintiff cannot bring a claim against a municipal department such as a prosecutor's office but must sue the municipality, such as the County. *E.g.*, *Caraffa v. Maricopa Cty. Sheriff's Off.*, No. CV2000227PHXMTLESW, 2020 WL 8872692, at *3 (D. Ariz. Mar. 6, 2020), *reconsideration denied*, No. CV2000227PHXMTLESW, 2020 WL 8872797 (D. Ariz. Apr. 3, 2020). And to the extent that plaintiff is bringing suit against the County for its role in his prosecution, he must specifically and plausibly allege facts showing how the County acted pursuant to County custom, policy, or otherwise can be held accountable for the alleged constitutional violations under the law cited above. *See Monell*, 426 U.S. at 694. He must also plausibly allege a constitutional violation.

### IV. Prosecutor Hauger

Plaintiff brings claims against prosecutor Hauger for her role in his prosecution and the setting of his bail, which he alleges was unconstitutionally excessive. Dkt. 5, at 6. However, plaintiff does not specifically allege acts taken by prosecutor Hauger that violated his constitutional rights. *See Harris*, 489 U.S. at 385–90. For instance, he does not allege how the prosecutor was personally responsible for his bail.

Even if plaintiff included such allegations, however, his claim against prosecutor Hauger is not viable because prosecutorial immunity appears to apply. State prosecutors are absolutely

immune from § 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process" (*Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), that is, "'when performing the traditional functions of an advocate.'" *Garmon v. Cty of L.A.*, 828 F.3d 837, 842–43 (9th Cir. 2016) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)). Prosecutorial immunity applies in such instances even when the act is "malicious or dishonest." *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). Accordingly, a prosecutor is absolutely immune from suit for "'initiating a prosecution' and 'presenting a state's case,' and during 'professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial ... after a decision to seek an indictment has been made.'" *Garmon*, 828 F.3d at 843 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Plaintiff includes no plausible allegations explaining how prosecutor Hauger was acting outside her role as an advocate for the state. Thus, it appears that prosecutorial immunity bars these claims.

**V. Detective Crawford**

Plaintiff appears to bring a claim against Detective Crawford for violation of equal protection because she allegedly took part in the investigation for a crime for which he was acquitted. Dkt. 5, at 4–5. However, as discussed above, plaintiff has not alleged a viable theory of violation of equal protection because he has not explained how he was treated differently from others similarly situated or that discriminatory intent motivated detective Crawford's actions.

It is not clear to the Court whether plaintiff is attempting to bring a cause of action for malicious prosecution. To prevail on such a claim brought under § 1983, plaintiff would need to show—

> "(1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 7

of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution." *Moody v. McCullough*, 2021 WL 1376645, at *7–8 (W.D. Wash. Apr. 12, 2021) (citing *Bender v. City of Seattle*, 99 Wn.2d 582, 593 (1983)). In addition, plaintiff must show that the defendants prosecuted him for the "'purpose of denying him equal protection or another specific constitutional right.'" *McCullough*, 2021 WL 1376645, at *8 (citing *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004)). Plaintiff has failed to make any plausible showing of these elements.

### CONCLUSION AND DIRECTIONS TO PLAINTIFF AND CLERK'S OFFICE

Due to the deficiencies described above, unless plaintiff shows cause or amends the amended proposed complaint, the Court will recommend dismissal of the complaint without prejudice. If plaintiff intends to pursue a § 1983 civil rights action, plaintiff must file a signed and dated second amended complaint and within the second amended complaint, plaintiff must write a short, plain statement telling the Court: (1) each constitutional right or statute that plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

If plaintiff still wishes to pursue a § 1983 claim, then plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly written or typed in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The second amended complaint will act as a complete substitute for the other two proposed

complaints and not as a supplement.  An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the second amended complaint must be complete in itself, and all facts and causes of action that are not alleged in the second amended complaint are waived.  *Forsyth,* 114 F.3d at 1474.  The Court will screen the second amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

If plaintiff fails to file a second amended proposed complaint or fails to adequately address the issues raised herein on or before **June 3, 2022**, the undersigned will recommend dismissal of this action without prejudice pursuant to 28 U.S.C. § 1915(e).

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and a copy of this Order.  And the Clerk's Office shall renote the motion to proceed *in forma pauperis* (Dkt. 1) for June 3, 2022.

Dated this 2nd day of May, 2022.

J. Richard Creatura
Chief United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 9